IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID N. MURPHY, et al., | : | CIVIL ACTION NO. **3:CV-14-0964** |
| | : | |
| Plaintiffs | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| GENE BERDANIER, et al., | : | |
| | : | |
| Defendants | : | |

FILED
SCRANTON

AUG 1 9 2014

PER
DEPUTY CLERK

**MEMORANDUM AND ORDER**

## I.   BACKGROUND.

On May 20, 2014, forty five (45) inmates at Schuylkill County Prison ("SCP") in Pottsville, Pennsylvania, jointly filed a putative class action civil rights Complaint, under 42 U.S.C. §1983, styled as a "Class Action Civil Suit." Plaintiffs allege various constitutional violations due to poor prison conditions at SCP. (Doc. 1). Plaintiffs seek injunctive relief and monetary damages.

In particular, Plaintiffs allege that prison officials at SCP are not properly feeding the inmates at the prison from January 1, 2014, to the present.  Plaintiffs allege that they are not receiving proper portions, that they are not receiving proper nutrition, and that they are served spoiled food. Further, Plaintiffs allege that the commissary items are marked up at two to three times the price indicated on the package and that the excessive prices are unconstitutional. Plaintiff also allege that the ceiling in the room where their food is served is collapsing and leaks when it rains, and that human feces also leaks from the ceiling and contaminates their food.   As a result, Plaintiffs allege that they are experiencing excessive weight loss, illness and hunger pains.  Plaintiffs contend that this conduct violates the Eighth Amendment proscription against cruel and unusual punishment.

Plaintiffs further claim that the inmates at SCP are forced to sleep on the floors without cots and that the toilets overflow and, that this violates the Eighth Amendment. Plaintiffs aver that if they complain about the deplorable conditions at SCP, prison staff retaliate against them by locking them up "in the hole." Plaintiffs seek injunctive relief as well as compensatory damages. Plaintiffs further request the Court to send undercover agents and inspectors to witness the alleged inhumane conditions at SCP.

The proposed class in this action appear to be all persons who were confined as inmates at SCP from January 1, 2014, through the present, who have been or will in the future be subjected to the conditions of confinement as alleged in Plaintiffs' Complaint. In their Complaint, Plaintiffs also request the Court appoint counsel to represent them in this putative class action.

Some of the Plaintiffs listed on this "Class Action" Complaint are: David N. Murphy; Fred Williams; Charles A. Sincavage; Mark P. Georgeff; Christopher M. Brennan; Allen Thompson; Angel Junior Del Rio; Eric Garrity; Brandon L. Erb; George J. Halley; Brian Erdman; Kevin Evans Max Walls; David Miller; Vincent Meyer; Christopher Books; Dustin Ballard; Anthony Ballard; Randal L. Fisk; Michael Hannock; John T. Stiles III; James J. Englert; Adam Gomrak, Jr.; Steve Lucas; Joseph E. Boris; Kyle Long; Jason Kerstetter; Juan G. Bermudez; Michael Rissinger; Steven Rhoads; Clark Belado; Wayne Govenas; David Haller; Martin Lopez; Donnie Carl; Brandon Finecs; Michael Killian; Brian McDonald; Robert Valentine; Jose Arroyo; David Rich; Douglas Whitecsh; Eric Shappell; Matthew Sleva; Billy Murphy; Raymond B. Miller; and Karl Kimmel.

Named as Defendants are: SCP Warden Gene Berdanier; Alisha Watson (Head of Kitchen at Schuylkill County Prison); Gregory Beniston of Trinity Food Services; Schuylkill County; President

Judge William Baldwin (President Judge/Prison Board - Schuylkill County Courthouse); William Flannery (Captain of Guard at Schuylkill County Prison); Deputy Warden David Wapinsky; and All Guards Employed by Schuylkill County Prison.

Attached to the Complaint were signatures of approximately forty five (45) inmates. (Doc. 1, pp. 2-3). Plaintiffs indicate that there is a prisoner grievance procedure available at SCP and that they have fully exhausted the available administrative remedies regarding each of their present claims. (Doc. 1, p. 5). Plaintiffs allege they wrote out grievances to the warden and kitchen staff, all of which were to no avail. (Id.).

Several of the Plaintiffs who seek to be included in the putative class action suit filed Motions to proceed in forma pauperis and Authorization forms. The proposed Plaintiff class representative Murphy also filed a Motion for Preliminary Injunction and a Motion to Appoint counsel for the putative class. (Docs. 92 & 174). Also, several proposed Plaintiff class members have been released from SCP since the Complaint in this case was filed and their current addresses are not known.

To date, the proposed Plaintiff class members have not filed a Motion For Class Certification of their case under Rule 23 as required. Thus, we shall direct them to do so.

## II.    ALLEGATIONS OF COMPLAINT.

As part of the Complaint, Plaintiffs included a Statement of Claim with several additional pages. Specifically, Plaintiffs state, "One inmate for example (Fred Williams) came in on August 6[th], 2013 and was 280 lbs. and now 9 months later he has no money coming in to buy commissary (sic) he is 202 lbs, losing 78 lbs." (Doc. 1, p. 5). Plaintiffs allege that commissary items are sold for two to three times the amount on the package, making these items priced higher than any other prison

3

in Pennsylvania and this equates to being illegal, cruel and unusual punishment, and violates their 1st, 4th, 6th, 8th, and 14th Amendment rights. (Doc. 1, p. 6). Plaintiffs state that due to the exorbitant prices on commissary items many inmates cannot afford to supplement their meals which do not contain sufficient food.

Plaintiffs claim they have been served insufficient food dating from January 1, 2014, to the present, numerous times. (Id.) Additionally, Plaintiffs allege that at times their meals have consisted of only ten kernels of corn, watered down food and condiments, and that the portions are not proper and "not even enough to fill a five year old child." (Id.) Plaintiffs aver that this amounts to cruel and unusual punishment from January 1, 2014 until the present and violates their Eighth Amendment rights. Plaintiffs state, "Every inmate has excessive weight loss and hunger pains while incarcerated in Schuylkill County Prison.  This is cruel punishment and the mental anguish of starving is really bad." (Id.).

Plaintiffs also allege that inmates have been forced to sleep on the floors and have not been given cots. In addition, Plaintiffs claim that if an inmate does not have commissary funds, they will starve, and that commissary prices are excessive. Plaintiffs state, "We are malnourished.  This is cruel and unusual punishment and very stressful [sic] the mental anguish like you wouldn't believe."

As part of their Complaint, Plaintiffs include a section indicating the Relief Sought. (Id., pp. 6-7). Plaintiffs request "immediate injunction of relief" and "suspension of Alisha Watson from coming into Schuylkill County Prison until at least after the hearing". In addition, Plaintiffs would like "Mrs. Watson fired," and "Alisha Watson suspended till (sic) trial.  Plaintiffs state, "We'd like

you [the Court] to send an undercover agent into the prison to see how he or she is starved for a month and malnourished.  Send him unannounced for 1 week to 30 days."

Plaintiffs also request that, "the amount of food served to each inmate be adequate to nourish them so that they aren't losing weight excessively." In addition, Plaintiffs request lower commissary prices, fresh fruits, larger portions of meals, and to force the SCP staff to give cots to the inmates on the floors.  For pain and suffering, Plaintiffs request $520,000 to be divided amongst all inmates plus attorney's fees. Plaintiffs also request a new contractor for the SCP kitchen contract. (*Id.*).

Plaintiffs included a statement at the end of their Complaint. (Doc. 1, p. 7) Plaintiffs stated:

> Everything we as inmates have stated we consider cruel and unusual punishment not just upon us but also upon our families who have been pressured to leave money on our accounts. The mental stress and anguish on not just us as inmates but also upon our families is excruciating and clearly our rights as humans as well as inmates are being violated especially our 8th and 14th amendment rights. This has been done to the inmates for well over 1 year but we are just [sic] gonna file as of Jan 1st, 2014 until present. We feel that all inmates are in imminent danger of serious physical injury as inmates are passing out all the time and extremely [sic] week from not truly being nourished properly. Warden Berdanier allows Alisha Watson to [sic] malnutrient the inmates. Her and Gregory Beniston do not feed the inmates properly. From Jan 1st, 2014 [sic] till present. We also feel that Judge Baldwin be held responsible because he is on the prison board and is the head of that and the President Judge at the courthouse. We as inmates ask that you would appoint an attorney to us and that you would send someone inside the prison for 1 month to investigate without the prison knowing and also investigate prime care nursing staff. All we are seeking is justice in Schuylkill County. Please its time to stop letting Schuylkill County do what they want and making up [sic] there own rules. There is [sic] alot of mutual stress and anguish and physical harm happening here. We'd like a cash settlement for all this pain and suffering physically and mentally and we'd like our system to be ran legally the right way like Luzerne County where inmates are [sic] feed and not starved and the commissary prices aren't robbing inmates and families of inmates.

5

In the Complaint, Plaintiffs list David N. Murphy as the main point of contact and as the class representative for this proposed Class Action suit by the SCP inmates. (Doc. 1, p. 10).  Plaintiffs request that the Court appoint legal counsel in order to help them proceed with the Class Action suit. (*Id.*)  In addition, Plaintiffs state that they are seeking, "immediate injunction and for someone to force the prison to feed inmates properly." (*Id.*).  Plaintiffs further seek injunctive relief for the Court to transfer to other prisons the inmates confined in SCP who do not have beds or cots and are forced to sleep on the floor.  Plaintiffs also request lower commissary prices as well as lower phone call prices and, they seek to be given some form of reimbursement. (*Id.*).  Plaintiffs state that:

> For all this excessive charging that is a violation of our 6th, 8th, 14th [sic] amended rights and stop Warden Berdanier from price gauging along with Alisha Watson and Gregory Baniston and Trinity Food Services they [sic] been doing this to us from Jan 2012 [sic] til present May 2014 they robbed inmates for well over 3 million dollars easily its true.  For the real government to step in and give not only the inmates of Schuylkill County but the families justice."

(*Id.*).

Plaintiffs allege that they spoke with SCP Captain William Flannery who told them he did not care about their health or complaints and "that he was tossing our grievances in the trash and if we don't like how we are being treated or feed (sic) not to come to jail." (Doc. 1, p. 11).  In addition, they state that, "He is violating our 6th, 8th, and 14th amendment rights with cruel and unusual punishment and the mental stress is wrong." (*Id.*).  Plaintiffs allege that Captain William Flannery told this to Plaintiffs on January 6, 2014. (*Id.*).  They request that the Court relieve Captain William Flannery of his duties and to award them $1,500,000 for pain and suffering. (*Id.*).

Additionally, Plaintiffs state that Deputy Warden David Wapinsky is allowing the alleged

6

conduct at SCP to occur and refuses to respond to their grievances, which Plaintiffs aver violates their rights under the First, Fourth, Eighth, and Fourteenth Amendments. (*Id.*).

Plaintiffs also allege that the prison ceiling has human feces on it and is leaking and collapsing in the area where inmates reside, including where they eat. (*Id.*). Additionally, Plaintiffs claim that they are only given an ounce of liquid and are malnourished. (*Id.*). Again, Plaintiffs state that this is cruel and unusual punishment and that these conditions were brought to the attention of Judge William Baldwin, Warden Berdanier, Deputy Warden Dave Wapinsky, Captain William Flannery, Alisha Watson, Gregory Baniston, and Trinity Food Services. (*Id.*). Plaintiffs add, "We have written grievances and complaints to all involved for over the [sic] past year from Jan 1, 2013 [sic] till present May 15, 2014 and they continually endanger our lifes (sic) and health and violate our 1st, 4th, 5th, 8th, and 14th amendments." (*Id.*). Plaintiffs request that all the individuals listed above be relieved of duty and charged for this "injustice." (*Id.*).

Additionally, Plaintiffs state that the alleged mistreatment has been experienced by both current and previously incarcerated inmates. (Doc. 1, p. 12). They state that, "If you complain [sic] to much or voice your opinion you are locked up in the hole for interference with staff." (*Id.*). Plaintiffs go on to allege that the inmates tell guards about feces falling in their food from the ceiling, old butter packets falling in their food from the ceiling, and hair in their food. (*Id.*). Plaintiffs allege they have been served spoiled food by Alisha Watson several times in April 2014, specifically Plaintiffs allege they were given rotten "country stew." (*Id.*). Plaintiffs state that, "Inmates have passed out and gotten hurt due to the cruel and unusual punishment and malnutrition of the prison and gotten sick due to the living conditions of the prison." (*Id.*).

7

Plaintiffs allege they do not have issues with all of the SCP guards, but do have issues with the guards who allow the alleged cruelty to continue without reporting it. (*Id,* p. 13). Plaintiffs state, "Inmates are forced to sleep on the floors after requesting cots they are [sic] mistreated like animals and ethnic inmates are degraded and put on floors and if they don't like it they are [sic] threaten with the hole." (*Id.*). Plaintiffs request that an undercover agent be placed by the Court in the prison, and that no one be notified of their presence since "the inspectors that come here are paid off." (*Id.*). Plaintiffs insist that if someone is sent to the prison undercover, he will lose excessive amounts of weight if they only eat prison meals. (*Id.*).

## III.    DISCUSSION.

As stated, the Complaint avers that Murphy as well as the other inmates confined at SCP who signed the Complaint, *i.e.,* the putative class of inmates, were caused physical harm by the improper meals given at SCP. Also, as stated, the Complaint sufficiently alleges that the complained of prison conditions as SCP pose a substantial risk of harm to the inmates. Further, the Complaint alleges that Defendant prison officials at SCP were deliberately indifferent to a risk of harm to the inmates and that these officials was aware of the facts from which the inference of a substantial risk of harm could be drawn.

Inmate Murphy indicates that he should be allowed to pursue a class action since he is an adequate class representative. As mentioned, the Complaint attached a list of about 45 other inmates who were confined at SCP since January 1, 2014, and who have signed their names and indicate that they would join the proposed class action.

8

In *Williams v. City of Phila.,* 270 F.R.D. 208, 213 (E.D. Pa. 2010), the Court stated:

> The requirements for maintaining a class action are set forth in Rule 23 of the Federal Rules of Civil Procedure. To be certified, a class must satisfy the four prerequisites in Rule 23(a) and must fit within at least one of the three categories of class actions in Rule 23(b). Fed.R.Civ.P. 23; *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 613-14, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). "Unless each requirement of Rule 23 is actually met, a class cannot be certified." *In re Schering Plough Corp. ERISA Litig.,* 589 F.3d 585, 596 (3d Cir.2009). "As a result, '[a]n overlap between a class certification requirement and the merits of a claim is no reason to decline to resolve relevant disputes when necessary to determine whether a class certification requirement is met.' " *Id.* (quoting *Beck v. Maximus,* 457 F.3d 291, 301 (3d Cir.2006)). We must therefore conduct a "rigorous analysis" to determine whether the prerequisites of Rule 23 have been satisfied, going beyond the pleadings if necessary. *Id.*
> [1] Rule 23(a) requires that the movant demonstrate the following for certification:
> (1) the class is so numerous that joinder of all members is impracticable,
> (2) there are questions of law or fact common to the class,
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
>
> Fed.R.Civ.P. 23(a). A decision to certify a class calls for findings by the court, not merely a 'threshold showing' by a party, that each requirement of Rule 23 is met." *In re Hydrogen Peroxide Antitrust Litig.,* 552 F.3d 305, 307 (3d Cir.2008).
>
> Rule 23(b)(2) permits certification when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2). FN2 Plaintiffs bear the burden of proof to show that the requirements in Rules 23(a) and (b) are met. *Davis v. Romney,* 490 F.2d 1360, 1366 (3d Cir.1974). When faced with "potentially cumbersome or frivolous" classes, Rule 23 gives district courts broad discretion in determining whether to certify a class and how to manage a certified class. *Reiter v. Sonotone Corp.,* 442 U.S. 330, 345, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979).

Thus, all four of the above stated elements have to be met in order to certify a class action. If Plaintiffs do not meet any one of these elements, they cannot proceed with their proposed class action of inmates confined at SCP from January 1, 2014 through the present. Plaintiffs have the

9

burden to prove that all of the requirements for class certification have been met. *Inmates of Northumberland County Prison v. Reish*, 2008 WL 2412977 (M.D.Pa. June 11, 2008)(citations omitted).

"In order to certify a class properly pursuant to Rule 23, a court is required to delineate 'the precise parameters defining the class and a complete list of the class, issues, or defenses to be treated on a class basis.'" *Clarke v. Lane*, 267 F.R.D. 180, 194 (E.D.Pa. 2010)(quoting *Wachtel v. Guardian Life Ins. Co. of Am.*, 453 F.3d 179, 185 (3d Cir. 2006)). As such, "the class definition submitted by Plaintiffs must comport with the requirements under Rule 23(a) and (b) and be a complete list." *Id.*; *Inmates of Northumberland County Prison v. Reish*, 2008 WL 2412977 (M.D.Pa. June 11, 2008).

## IV.   CONCLUSION.

As stated, Plaintiffs have not yet filed a Motion under Rule 23 seeking the Court's permission to certify their case as a class action. Thus, we will direct Plaintiffs to file a Motion For Class Certification and a support brief. *See Inmates of Northumberland County Prison v. Reish*, 2008 WL 2412977 (M.D.Pa. June 11, 2008).

An appropriate Order will be issued.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: August /9 , 2014