IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID N. MURPHY, *et al.*, | : | CIVIL ACTION NO. **3:CV-14-0964** |
| Plaintiffs | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| GENE BERDANIER, *et al.*, | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I.     BACKGROUND.**

On May 20, 2014, forty five (45) inmates at Schuylkill County Prison ("SCP") in Pottsville, Pennsylvania, jointly filed a putative class action civil rights Complaint, under 42 U.S.C. §1983, styled as a "Class Action Civil Suit." Proposed class representative was Plaintiff David N. Murphy, a former inmate at SCP. Plaintiffs alleged various constitutional violations due to poor prison conditions at SCP. (Doc. 1). Plaintiffs sought injunctive relief and monetary damages.

In particular, Plaintiffs alleged that prison officials at SCP were not properly feeding the inmates at the prison from January 1, 2014, to the present. Plaintiffs alleged that they were not receiving proper portions, that they were not receiving proper nutrition, and that they were served spoiled food. Further, Plaintiffs alleged that the commissary items were marked up at two to three times the price indicated on the package and that the excessive prices were unconstitutional. Plaintiff also alleged that the ceiling in the room where their food was served was collapsing and leaked when it rained, and that human feces also leaked from the ceiling and contaminated their food.  As a result, Plaintiffs alleged that they were experiencing excessive weight loss, illness and

hunger pains. Plaintiffs contended that this conduct violated the Eighth Amendment proscription against cruel and unusual punishment. Plaintiffs further claimed that the inmates at SCP were forced to sleep on the floors without cots and that the toilets overflow and, that this violated the Eighth Amendment. Plaintiffs averred that if they complained about the deplorable conditions at SCP, prison staff retaliated against them by locking them up "in the hole." Plaintiffs sought injunctive relief as well as compensatory damages. Plaintiffs further requested the Court to send undercover agents and inspectors to witness the alleged inhumane conditions at SCP.

The proposed class in this action appeared to be all persons who were confined as inmates at SCP from January 1, 2014, through the present, who have been or will in the future be subjected to the conditions of confinement as alleged in Plaintiffs' Complaint. In their Complaint, Plaintiffs also requested the Court appoint counsel to represent them in this putative class action.

Some of the Plaintiffs listed on this "Class Action" Complaint are: David N. Murphy; Fred Williams; Charles A. Sincavage; Mark P. Georgeff; Christopher M. Brennan; Allen Thompson; Angel Junior Del Rio; Eric Garrity; Brandon L. Erb; George J. Halley; Brian Erdman; Kevin Evans Max Walls; David Miller; Vincent Meyer; Christopher Books; Dustin Ballard; Anthony Ballard; Randal L. Fisk; Michael Hannock; John T. Stiles III; James J. Englert; Adam Gomrak, Jr.; Steve Lucas; Joseph E. Boris; Kyle Long; Jason Kerstetter; Juan G. Bermudez; Michael Rissinger; Steven Rhoads; Clark Belado; Wayne Govenas; David Haller; Martin Lopez; Donnie Carl; Brandon Finecs; Michael Killian; Brian McDonald; Robert Valentine; Jose Arroyo; David Rich; Douglas Whitecsh; Eric Shappell; Matthew Sleva; Billy Murphy; Raymond B. Miller; and Karl Kimmel.

2

Named as Defendants are: SCP Warden Gene Berdanier; Alisha Watson (Head of Kitchen at Schuylkill County Prison); Gregory Beniston of Trinity Food Services; Schuylkill County; President Judge William Baldwin (President Judge/Prison Board - Schuylkill County Courthouse); William Flannery (Captain of Guard at Schuylkill County Prison); Deputy Warden David Wapinsky; and All Guards Employed by Schuylkill County Prison.

Attached to the Complaint were signatures of approximately forty five (45) inmates. (Doc. 1, pp. 2-3). Plaintiffs indicated that there was a prisoner grievance procedure available at SCP and that they have fully exhausted the available administrative remedies regarding each of their present claims. (Doc. 1, p. 5). Plaintiffs alleged they wrote out grievances to the warden and kitchen staff, all of which were to no avail. (*Id.*).

Several of the Plaintiffs who seek to be included in the putative class action suit filed Motions to proceed *in forma pauperis* and Authorization forms. The proposed Plaintiff class representative Murphy also filed a Motion for Preliminary Injunction and a Motion to Appoint counsel for the putative class. (Docs. 92 & 174). Also, several proposed Plaintiff class members, including class representative Murphy, have been released from SCP since the Complaint in this case was filed. Many of the proposed Plaintiff class members who have been released or transferred from SCP have not notified the Court of their current addresses as required and their whereabouts are not known. *(See, eg.*, Docs. 207-267). Proposed Plaintiff class representative Murphy did notify the Court of his address after his release from SCP.

The proposed Plaintiff class members did not file a Motion For Class Certification of their case under Rule 23 as required and, we then directed them to do so.

Specifically, on August 19, 2014, we issued a Memorandum and Order directing as follows:

1. Plaintiffs are directed to file a Motion For Class Certification under Fed.R.Civ.P. 23 and a support brief seeking the Court's permission to certify their case as a class action **within thirty (30) days** of the date of this Order.

2. Plaintiffs' Motions for Leave to proceed *in forma pauperis* are held in abeyance until the Court decides if Plaintiffs will be allowed to proceed as a class action.

(Docs. 203 & 204).

On September 24, 2014, Plaintiff Murphy filed a Motion for an Extension of Time to file the Rule 23 Motion and brief. (Doc. 268). Plaintiff Murphy also advised the Court that he was released from LCCF, that he was residing in Philadelphia, PA, and that he was going to try and find an attorney to represent the inmates in this case and file the Rule 23 Motion and brief.

On September 26, 2014, upon consideration of Plaintiff David Murphy's Doc. 268 Motion for an Extension of Time to file Plaintiffs' Motion For Class Certification pursuant to Fed.R.Civ.P. 23 and a support brief seeking the Court's permission to certify their case as a §1983 civil rights class action, we ordered as follows:

1. Plaintiff Anthony Ballard's **Doc. 237** Motion For Class Certification is deemed **WITHDRAWN** since it is not a proper Motion under Fed.R.Civ.P. 23 as the Court directed must be filed in its August 19, 2014 Memorandum and Order (Docs. 203 & 204).

2. Plaintiff David Murphy's **Doc. 268** Motion for an Extension of Time to file Plaintiffs' Motion For Class Certification pursuant to Fed.R.Civ.P. 23 and a support brief seeking the Court's permission to certify their case as a §1983 civil rights class action is **GRANTED.**

    **3.** Plaintiff David Murphy is directed to file the Motion under Fed.R.Civ.P. 23 and the support brief as the Court directed in its August 19, 2014 Memorandum and Order (Docs. 203 & 204).

    **4.** Plaintiff David Murphy is directed to file a Motion For Class Certification under Fed.R.Civ.P. 23 and a support brief seeking the Court's permission to certify Plaintiffs' case as a class action **within thirty (30) days** of the date of this Order.

To date, Plaintiff David Murphy has failed to comply with our Doc. 269 Order and, he did not file a Motion For Class Certification under Fed.R.Civ.P. 23 and a support brief seeking the Court's permission to certify Plaintiffs' case as a class action. Nor did Plaintiff David Murphy request another extension of time to file a Motion For Class Certification under Fed.R.Civ.P. 23 and a support brief.

**II.    ALLEGATIONS OF COMPLAINT.**

As part of the Complaint, Plaintiffs included a Statement of Claim with several additional pages. Specifically, Plaintiffs state, "One inmate for example (Fred Williams) came in on August 6th, 2013 and was 280 lbs. and now 9 months later he has no money coming in to buy commissary (sic) he is 202 lbs, losing 78 lbs." (Doc. 1, p. 5). Plaintiffs allege that commissary items are sold for two to three times the amount on the package, making these items priced higher than any other prison in Pennsylvania and this equates to being illegal, cruel and unusual punishment, and violates their 1st, 4th, 6th, 8th, and 14th Amendment rights. (Doc. 1, p. 6). Plaintiffs state that due to the exorbitant prices on commissary items many inmates cannot afford to supplement their meals which do not contain sufficient food.

Plaintiffs claim they have been served insufficient food dating from January 1, 2014, to the present, numerous times. (*Id.*) Additionally, Plaintiffs allege that at times their meals have consisted of only ten kernels of corn, watered down food and condiments, and that the portions are not proper and "not even enough to fill a five year old child." (*Id.*) Plaintiffs aver that this amounts to cruel and unusual punishment from January 1, 2014, until the present and violates their Eighth Amendment rights. Plaintiffs state, "Every inmate has excessive weight loss and hunger pains while incarcerated in Schuylkill County Prison. This is cruel punishment and the mental anguish of starving is really bad." (*Id.*).

Plaintiffs also allege that inmates have been forced to sleep on the floors and have not been given cots. In addition, Plaintiffs claim that if an inmate does not have commissary funds, they will starve, and that commissary prices are excessive. Plaintiffs state, "We are malnourished. This is cruel and unusual punishment and very stressful [sic] the mental anguish like you wouldn't believe."

As part of their Complaint, Plaintiffs include a section indicating the Relief Sought. (*Id.,* pp. 6-7). Plaintiffs request "immediate injunction of relief" and "suspension of Alisha Watson from coming into Schuylkill County Prison until at least after the hearing." In addition, Plaintiffs would like "Mrs. Watson fired," and "Alisha Watson suspended till (sic) trial." Plaintiffs state, "We'd like you [the Court] to send an undercover agent into the prison to see how he or she is starved for a month and malnourished. Send him unannounced for 1 week to 30 days."

Plaintiffs also request that, "the amount of food served to each inmate be adequate to nourish them so that they aren't losing weight excessively." In addition, Plaintiffs request lower commissary prices, fresh fruits, larger portions of meals, and to force the SCP staff to give cots to the

inmates on the floors. For pain and suffering, Plaintiffs request $520,000 to be divided amongst all inmates plus attorney's fees. Plaintiffs also request a new contractor for the SCP kitchen contract. (*Id.*).

Plaintiffs included a statement at the end of their Complaint. (Doc. 1, p. 7). Plaintiffs stated:

> Everything we as inmates have stated we consider cruel and unusual punishment not just upon us but also upon our families who have been pressured to leave money on our accounts. The mental stress and anguish on not just us as inmates but also upon our families is excruciating and clearly our rights as humans as well as inmates are being violated especially our 8th and 14th amendment rights. This has been done to the inmates for well over 1 year but we are just [sic] gonna file as of Jan 1st, 2014 until present. We feel that all inmates are in imminent danger of serious physical injury as inmates are passing out all the time and extremely [sic] week from not truly being nourished properly. Warden Berdanier allows Alisha Watson to malnutritient (sic) the inmates. Her and Gregory Beniston do not feed the inmates properly. From Jan 1st, 2014 [sic] till present. We also feel that Judge Baldwin be held responsible because he is on the prison board and is the head of that and the President Judge at the courthouse. We as inmates ask that you would appoint an attorney to us and that you would send someone inside the prison for 1 month to investigate without the prison knowing and also investigate prime care nursing staff. All we are seeking is justice in Schuylkill County. Please its time to stop letting Schuylkill County do what they want and making up [sic] there own rules. There is alot (sic) of mutual stress and anguish and physical harm happening here. We'd like a cash settlement for all this pain and suffering physically and mentally and we'd like our system to be ran legally the right way like Luzerne County where inmates are feed (sic) and not starved and the commissary prices aren't robbing inmates and families of inmates.

In the Complaint, Plaintiffs list David N. Murphy as the main point of contact and as the class representative for this proposed Class Action suit by the SCP inmates. (Doc. 1, p. 10). Plaintiffs request that the Court appoint legal counsel in order to help them proceed with the Class Action suit. (*Id.*) In addition, Plaintiffs state that they are seeking, "immediate injunction and for someone to force the prison to feed inmates properly." (*Id.*). Plaintiffs further seek injunctive relief for the Court to transfer to other prisons the inmates confined in SCP who do not have beds or cots and

are forced to sleep on the floor. Plaintiffs also request lower commissary prices as well as lower phone call prices and, they seek to be given some form of reimbursement. (*Id*.). Plaintiffs state that:

> For all this excessive charging that is a violation of our 6th, 8th, 14th amended (sic) rights and stop Warden Berdanier from price gauging along with Alisha Watson and Gregory Baniston and Trinity Food Services they been (sic) doing this to us from Jan 2012 til present May 2014 they robbed inmates for well over 3 million dollars easily its true. For the real government to step in and give not only the inmates of Schuylkill County but the families justice."

(*Id*.).

Plaintiffs allege that they spoke with SCP Captain William Flannery who told them he did not care about their health or complaints and "that he was tossing our grievances in the trash and if we don't like how we are being treated or feed (sic) not to come to jail." (Doc. 1, p. 11). In addition, they state that, "He is violating our 6th, 8th, and 14th amendment rights with cruel and unusual punishment and the mental stress is wrong." (*Id*.). Plaintiffs allege that Captain William Flannery told this to Plaintiffs on January 6, 2014. (*Id*.). They request that the Court to relieve Captain William Flannery of his duties and to award them $1,500,000 for pain and suffering. (*Id*.).

Additionally, Plaintiffs state that Deputy Warden David Wapinsky is allowing the alleged conduct at SCP to occur and refuses to respond to their grievances, which Plaintiffs aver violates their rights under the First, Fourth, Eighth, and Fourteenth Amendments. (*Id*.).

Plaintiffs also allege that the prison ceiling has human feces on it and is leaking and collapsing in the area where inmates reside, including where they eat. (*Id*.). Additionally, Plaintiffs claim that they are only given an ounce of liquid and are malnourished. (*Id*.). Again, Plaintiffs state that this is cruel and unusual punishment and that these conditions were brought to the attention

of Judge William Baldwin, Warden Berdanier, Deputy Warden Dave Wapinsky, Captain William Flannery, Alisha Watson, Gregory Baniston, and Trinity Food Services. (*Id.*). Plaintiffs add, "We have written grievances and complaints to all involved for over the past year from Jan 1, 2013 till present May 15, 2014 and they continually endanger our lifes (sic) and health and violate our 1st, 4th, 5th, 8th, and 14th amendments." (*Id.*). Plaintiffs request that all the individuals listed above be relieved of duty and charged for this "injustice." (*Id.*).

Additionally, Plaintiffs state that the alleged mistreatment has been experienced by both current and previously incarcerated inmates. (Doc. 1, p. 12). They state that, "If you complain to (sic) much or voice your opinion you are locked up in the hole for interference with staff." (*Id.*). Plaintiffs also allege that the inmates tell guards about feces falling in their food from the ceiling, old butter packets falling in their food from the ceiling, and hair in their food. (*Id.*). Plaintiffs allege they have been served spoiled food by Alisha Watson several times in April 2014, specifically Plaintiffs allege they were given rotten "country stew." (*Id.*). Plaintiffs state that, "Inmates have passed out and gotten hurt due to the cruel and unusual punishment and malnutrition of the prison and gotten sick due to the living conditions of the prison." (*Id.*).

Plaintiffs allege they do not have issues with all of the SCP guards, but do have issues with the guards who allow the alleged cruelty to continue without reporting it. (*Id,* p. 13). Plaintiffs state, "Inmates are forced to sleep on the floors after requesting cots they are mistreated like animals and ethnic inmates are degraded and put on floors and if they don't like it they are threaten (sic) with the hole." (*Id.*). Plaintiffs request that an undercover agent be placed by the Court in the prison, and that no one be notified of their presence since "the inspectors that come here are paid

off." (*Id.*). Plaintiffs insist that if someone is sent to the prison undercover, he will lose excessive amounts of weight if they only eat prison meals. (*Id.*).

## III. DISCUSSION.

As stated, the Complaint avers that Murphy as well as the other inmates confined at SCP who signed the Complaint, *i.e.,* the putative class of inmates, were caused physical harm by the improper meals given at SCP. Also, as stated, the Complaint alleges that the complained of prison conditions as SCP pose a substantial risk of harm to the inmates. Further, the Complaint alleges that Defendant prison officials at SCP were deliberately indifferent to a risk of harm to the inmates and that these officials was aware of the facts from which the inference of a substantial risk of harm could be drawn.

Inmate Murphy indicates that he should be allowed to pursue a class action since he is an adequate class representative. As mentioned, the Complaint attached a list of about 45 other inmates who were confined at SCP since January 1, 2014, and who have signed their names and indicate that they would join the proposed class action.

In *Williams v. City of Phila.*, 270 F.R.D. 208, 213 (E.D. Pa. 2010), the Court stated:

> The requirements for maintaining a class action are set forth in Rule 23 of the Federal Rules of Civil Procedure. To be certified, a class must satisfy the four prerequisites in Rule 23(a) and must fit within at least one of the three categories of class actions in Rule 23(b). Fed.R.Civ.P. 23; *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 613-14, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). "Unless each requirement of Rule 23 is actually met, a class cannot be certified." *In re Schering Plough Corp. ERISA Litig.,* 589 F.3d 585, 596 (3d Cir.2009). "As a result, '[a]n overlap between a class certification requirement and the merits of a claim is no reason to decline to resolve relevant disputes when necessary to determine whether a class certification requirement is met.' " *Id.* (quoting *Beck v. Maximus,* 457 F.3d 291, 301 (3d Cir.2006)). We must therefore conduct a "rigorous

> analysis" to determine whether the prerequisites of Rule 23 have been satisfied, going beyond the pleadings if necessary. *Id.*
> [1] Rule 23(a) requires that the movant demonstrate the following for certification:
> (1) the class is so numerous that joinder of all members is impracticable,
> (2) there are questions of law or fact common to the class,
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
>
> Fed.R.Civ.P. 23(a). A decision to certify a class calls for findings by the court, not merely a 'threshold showing' by a party, that each requirement of Rule 23 is met." *In re Hydrogen Peroxide Antitrust Litig.,* 552 F.3d 305, 307 (3d Cir.2008).
>
> Rule 23(b)(2) permits certification when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2). FN2 Plaintiffs bear the burden of proof to show that the requirements in Rules 23(a) and (b) are met. *Davis v. Romney,* 490 F.2d 1360, 1366 (3d Cir.1974). When faced with "potentially cumbersome or frivolous" classes, Rule 23 gives district courts broad discretion in determining whether to certify a class and how to manage a certified class. *Reiter v. Sonotone Corp.,* 442 U.S. 330, 345, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979).

Thus, all four of the above stated elements have to be met in order to certify a class action. If Plaintiffs do not meet any one of these elements, they cannot proceed with their proposed class action of inmates confined at SCP from January 1, 2014, through the present. Plaintiffs have the burden to prove that all of the requirements for class certification have been met. *Inmates of Northumberland County Prison v. Reish*, 2008 WL 2412977 (M.D.Pa. June 11, 2008)(citations omitted).

"In order to certify a class properly pursuant to Rule 23, a court is required to delineate 'the precise parameters defining the class and a complete list of the class, issues, or defenses to be treated on a class basis.'" *Clarke v. Lane*, 267 F.R.D. 180, 194 (E.D.Pa. 2010)(quoting *Wachtel v. Guardian Life Ins. Co. of Am.*, 453 F.3d 179, 185 (3d Cir. 2006)). As such, "the class definition

11

submitted by Plaintiffs must comport with the requirements under Rule 23(a) and (b) and be a complete list." *Id.*; *Inmates of Northumberland County Prison v. Reish*, 2008 WL 2412977 (M.D.Pa. June 11, 2008).

As stated, Plaintiffs did not file a Motion under Rule 23 seeking the Court's permission to certify their case as a class action. Thus, we directed Plaintiffs to file a Motion For Class Certification and a support brief. (Docs. 203 & 204). *See Inmates of Northumberland County Prison v. Reish*, 2008 WL 2412977 (M.D.Pa. June 11, 2008). Plaintiff Murphy then requested an extension of time and we granted it. (Doc. 269). As such, Plaintiffs' Motion under Rule 23 seeking the Court's permission to certify their case as a class action and support brief were due October 26, 2014.

We now issue this R&R and recommend that this case be dismissed without prejudice under Fed.R.Civ.P. 41(b).

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court* . . ." Fed.R.Civ.P. 41(b) (emphasis added). *See Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002); *Ali v. Josefowicz*, 2011 WL 1740679, *1. In the instant case, Plaintiffs have failed to prosecute their action and, has failed to comply with the Order of this Court by their failure to timely file a Motion and brief under Rule 23 seeking the Court's permission to certify their case as a class action. As stated, lead Plaintiff Murphy has taken no action with respect to this case since he filed his Motion for Extension of Time on September 24, 2013. (Doc. 268). In our September 26, 2014 Order, we granted the extension of time and directed Plaintiff Murphy to file the Motion and brief under Rule 23 seeking the Court's permission to certify their case as a class action by October 26, 2014. (Doc. 269). We note that

our Doc. 269 Order, which was mailed to Plaintiff Murphy at his listed address in Philadelphia, was presumed received by this Plaintiff since it was not returned to the Court as undeliverable.

Plaintiff Murphy failed to timely file a Motion and brief under Rule 23 seeking the Court's permission to certify their case as a class action by October 26, 2014, as directed. We then sua sponte afforded Plaintiff Murphy additional time to comply with the Court's Orders. Nonetheless, Plaintiff Murphy has failed to file a Motion under Rule 23 seeking the Court's permission to certify their case as a class action. Further, Plaintiff Murphy has not filed any document with the Court explaining why he has failed to comply with the Doc. 269 Order. Nor has Plaintiff Murphy requested another extension of time to comply with the Court's Order. As stated, many of the Plaintiffs have failed to notify the Court of their current addresses as required and they cannot be served with any documents in this case.

We find that the stated behavior of Plaintiffs constitute a wilful failure to prosecute their case, as opposed to a situation in which they have had problems in pursuing this case, but made efforts to comply with this Court's Orders. We find that Plaintiffs' "behavior has been so egregious as to make self-evident the factual findings and analysis [of the *Poulis* factors]." *Williams v. Kort*, 223 Fed. Appx. 95, 103 (3d Cir. 2007). We find that due to Plaintiffs' wilful failure to file a Motion and brief under Rule 23 seeking the Court's permission to certify their case as a class action, this case cannot proceed forward.

Rule 41(b) allows for the dismissal of an action where the Plaintiff fails to prosecute or fails to comply with rules or orders of the court. *See Ali v. Josefowicz*, 2011 WL 1740679, *1. Therefore,

we shall recommend that this case be dismissed without prejudice under Rule 41(b) due to Plaintiffs' wilful failure to prosecute it and due to their wilful failure to comply with the Court's Orders. Plaintiffs should be deemed as abandoning their action. *Id.; see also Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994); *Guyer v. Beard*, 907 F. 2d 1424 (3d Cir. 1990) (the district court's requirement to perform an analysis under *Poulis* is obviated where Plaintiff's conduct is so egregious as to demonstrate an abandonment of his case).

Even though we find that Plaintiffs' conduct clearly shows that they intended to abandon their case, out of an abundance of caution, we analyze the factors of *Poulis v. State Farm Fire & Cas. Co.*, 747 F.3d 863, 868 (3d Cir. 1984), before recommending that this case be dismissed without prejudice under Rule 41(b).   *See Emerson v. Thiel College*, 296 F.3d at 190.

In *U.S v. $8,221,877.16 in U.S. Currency,* 330 F.3d 141, 161 (3d Cir. 2003), the Court stated that "the sanction of dismissal is disfavored absent the most egregious circumstances. *See Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d 863, 867-68 (3d Cir.1984)." The Court in *U.S v. $8,221,877.16 in U.S. Currency,* 330 F.3d at 161-62 (citing *Poulis,* 747 F.2d at 868), then stated that "six important factors must be weighed by a district court in determining whether the harsh sanction of dismissal is justified:"

> (1) the extent of the party's personal responsibility;
>
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness;
>
> (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which

entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

In analyzing and balancing all of the *Poulis* factors, we find that Plaintiffs' stated conduct in delaying their case is attributed to them personally. Initially, Plaintiffs were required to file a Motion and brief under Rule 23 seeking the Court's permission to certify their case as a class action by September 18, 2014. (Doc. 204). Plaintiffs failed to comply with the Court's Order. We then granted lead Plaintiff Murphy an extension of time until October 26, 2014. Further, we sua sponte afforded Plaintiff Murphy additional time to comply with the Court's Orders. To date, Plaintiff Murphy has failed to timely file a Motion and brief under Rule 23 seeking the Court's permission to certify their case as a class action. Plaintiff Murphy has filed no document in this case for over a month since he filed his Motion for an Extension of Time. (Doc. 268). We find that Plaintiffs now have a history of dilatoriness. Thus, Plaintiffs have not filed any proper a Motion under Rule 23 seeking the Court's permission to certify their case as a class action as directed.

As stated, this case cannot proceed without Plaintiffs' compliance with the Court's Orders to file a Motion and brief under Rule 23 seeking the Court's permission to certify their case as a class action. Because we shall recommend that Plaintiffs' case be dismissed without prejudice and because Plaintiffs have not paid the filing fee, we find that other sanctions would not be effective in this case.

Moreover, since Plaintiffs have failed to file a proper a Motion under Rule 23 seeking the Court's permission to certify their case as a class action as thoroughly specified in our Doc. 203

Memorandum, we find that Plaintiffs cannot proceed in this proposed class action case against the SCP Defendants under §1983.

Accordingly, Plaintiffs have failed to comply with the Court's Orders and they have failed to file a proper Rule 23 Motion and brief as directed. Also, many Plaintiffs have failed to notify the Court of their current addresses. Thus, we shall now recommend that this case be dismissed without prejudice in accordance with Rule 41(b). As stated, this case cannot proceed without Plaintiffs' compliance with the Court's Orders to file a Motion and brief under Rule 23 seeking the Court's permission to certify their case as a class action.

Therefore, we find that the *Poulis* factors weigh in favor of dismissing this case without prejudice. We find that Plaintiffs' wilful failure to comply with the Court's Orders demonstrates they have abandoned their case.

## IV.   RECOMMENDATION.

Based on the foregoing, it is respectfully recommended that the Plaintiffs' case be dismissed without prejudice. It is also recommended that this case be closed.

                                                                                    s/ Thomas M. Blewitt
                                                                                    **THOMAS M. BLEWITT**
                                                                                    **United States Magistrate Judge**

**Dated: November 10, 2014**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID N. MURPHY, *et al.*, | : | CIVIL ACTION NO. **3:CV-14-0964** |
| Plaintiffs | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| GENE BERDANIER, *et al.*, | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **November 10, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to our foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                      **s/ Thomas M. Blewitt**
                                      **THOMAS M. BLEWITT**
                                      **United States Magistrate Judge**

**Dated: November 10, 2014**